THOMPSON C. WHEELER *vs.* HENRY S. JOHNSON.

The holder, even if not the owner, of a promissory note payable to bearer, may maintain, with the owner's consent, an action thereon in his own name against the maker.

A plaintiff obtained from the executrix of the will of an administrator on the estate of a deceased person a promissory note payable to bearer, belonging to such estate, and commenced an action thereon in his own name against the maker. Subsequently, and before the defendant's appearance therein, the plaintiff was appointed administrator *de bonis non* of the intestate's estate, and claimed thenceforth to prosecute the action as such. *Held,* that he might maintain the action in his own name.

CONTRACT upon a promissory note payable to Henry Dewey or bearer. At the trial in the superior court, before *Brigham,* J., the plaintiff produced the note in evidence and rested, the making of it being admitted by the defendant. The defendant then offered to prove, and the plaintiff admitted, that at the time

the plaintiff brought this action he " obtained " the note from Clara Twining, executrix of the will of Thomas Twining, deceased, who at the time of his death was administrator *de bonis non* of the estate of Henry Dewey, deceased; and the defendant further introduced in evidence in his own behalf a paper filed in the case by the plaintiff, setting forth, among other things, that the note was held by Dewey at the time of his death, and was and is of Dewey's estate, and that, since the bringing of this action but before the defendant's appearance therein, the plaintiff had been appointed administrator *de bonis non* of that estate in the place of Thomas Twining, and claiming to prosecute this action thenceforth as such administrator. The defendant contended that upon the facts thus shown and admitted the plaintiff had no property in the note and could not maintain this action, but the judge ruled otherwise, and directed a verdict for the plaintiff; and the defendant alleged exceptions.

*B. Palmer*, for the defendant.

*I. Sumner*, for the plaintiff.

FOSTER, J. The maker of a note payable to bearer cannot defeat an action thereon brought in the name of one who had possession of the note at the commencement of the suit and has continued to hold it ever since, by showing that a third party was the real owner of the note, when it appears that such third party has never objected to the possession of the plaintiff and the suit brought by him, but has expressly consented to and ratified such possession and the prosecution of the action. *Beekman* v. *Wilson*, 9 Met. 436.

The application of this principle to the facts of the present case shows that the exceptions must be overruled.