## Samuel W. Spofford *vs.* Peter Norton.

Suffolk. March 27. — May 13, 1879. Colt & Ames, JJ., absent.

An action against the maker of a promissory note can be maintained in the name of a person who has no beneficial interest in the note, but sues at the request of the owner; and evidence is incompetent in defence of the action which would be incompetent to impeach the title of the owner.

Contract on a promissory note for $100, dated August 11, 1877, signed by the defendant, payable to the order of Jesse Wadleigh, and by him indorsed. Trial in the Superior Court, before *Brigham*, C. J., who, after verdict for the plaintiff, reported the case for the consideration of this court in substance as follows:

There was evidence on the part of the defendant that he gave the note in suit in payment of a horse purchased by him in June 1877, of Wadleigh, who was foreman of the stable of S. A. Tuttle, the owner of the horse; that the horse was delivered to and disposed of by the defendant; that subsequently, on August 11, 1877, the note was made and delivered to Wadleigh; that, before the maturity of the note, it was purchased by Marshall A. Lewis, without notice of the facts attending the making and considera-

tion thereof, who held it until near its maturity, when he put it in a bank for collection; that the note, not being paid at maturity, was protested for non-payment, and Lewis put it into the hands of an attorney for collection, with no directions as to the time of suit, but with authority to bring suit upon the note; that subsequently Lewis asked permission of the plaintiff to bring an action on the note in the plaintiff's name, and the plaintiff authorized such an action; and that thereupon this action was brought, the plaintiff not having then or since any property in the note, or any relation thereto, except as above stated.

The defendant also offered to prove that he purchased the horse, some weeks prior to the giving of the note in suit, of Wadleigh, acting as the agent of Tuttle, the owner of the horse; that Wadleigh took the note in his own name on account of the former transaction of the purchase of the horse; that Wadleigh demanded that the note should be made payable to him because Tuttle had gone into bankruptcy; that Wadleigh's motive in so taking the note was to prevent Tuttle's assignee from getting possession of the horse; and that, prior to the making of the note, Tuttle's wife demanded payment for the horse, it being then in the possession of the defendant under the sale by Wadleigh to him. There was no offer to show that Tuttle knew of Wadleigh's demand to have the note made payable to him.

The judge rejected the above offer of evidence, against the defendant's objection; and directed a verdict for the plaintiff for the amount of the note.

If the evidence offered was competent, or if, upon the facts reported, the defendant had a defence to the action, a new trial was to be ordered; otherwise, judgment was to be entered on the verdict.

*O. B. Mowry*, for the defendant.

*J. M. Way*, for the plaintiff.

SOULE, J. It is no ground of defence that the plaintiff has no beneficial interest in the note sued on, and will be bound to account to the real owner for the proceeds of any judgment recovered on it. *Little* v. *Obrien*, 9 Mass. 423. *Brigham* v. *Marean*, 7 Pick. 40. *Fairfield* v. *Adams*, 16 Pick. 381. *Beckman* v. *Wilson*, 9 Met. 434. *Wheeler* v. *Johnson*, 97 Mass. 39. *National Pemberton Bank* v. *Porter*, 125 Mass. 333.

The plaintiff sues at the request and for the benefit of Lewis, who purchased the note before maturity and without notice of any of the facts which the defendant contends show that it was fraudulently obtained and is without consideration. Lewis, therefore, held the note by a title which was valid against all defences now set up by the defendant. He has not parted with his interest. He brings this action in the name of his agent, still holding control of the note. No defence is available which could not be maintained against a suit in his name. *Baxter* v. *Little*, 6 Met. 7. Indeed, we understand the position of the defendant at the argument to have depended on the assumption that the action could not be maintained unless the plaintiff was beneficially interested in the note; and, as that proposition fails, the argument which rested on it falls with it. The evidence offered and rejected at the trial in the Superior Court was incompetent to impeach the title of Lewis, and was, therefore, incompetent in defence to the action in his behalf in the name of the plaintiff. According to the terms of the report there must be

*Judgment on the verdict.*