WILLIAM B. BARRY & another *vs.* JOHN CAVANAGH & another

Suffolk.   Feb. 23. — 25, 1881.   ENDICOTT & FIELD, JJ., absent.

Under the Gen. Sts. *c.* 130, §§ 3, 7, a plaintiff's demand for unliquidated damages is not the subject of set-off.

CONTRACT.   The declaration alleged in substance that the plaintiffs entered into an oral contract with the defendants to furnish the latter with a quantity of paving-stones at a certain price; that, after delivering them a specified number of the stones agreed upon, which were accepted, the contract was amended by increasing the stipulated price per thousand, a superior quality being required by the defendants and agreed to be furnished by the plaintiffs; that a specified number of these stones was delivered by the plaintiffs and accepted by the defendants at this increased price; that the defendants paid certain moneys on account to the plaintiffs, leaving a balance due the plaintiffs; and that the defendants refused to accept the balance of the number of stones which they originally agreed to receive, whereby the plaintiffs sustained certain damages by such non-acceptance.   The defendants filed an answer containing a general denial, and alleging that the contract was with the plaintiff Lacy alone, and sought to recoup for a failure to supply the quality of stones agreed upon; and also filed a claim in set-off, declaring upon an account for merchandise sold and delivered to Lacy.   The plaintiff filed an answer to the merits of the declaration in set-off.

At the trial in the Superior Court, before *Allen*, J., on motion of the plaintiffs, the pleadings in regard to the claims in set-off were ordered to be stricken from the files, against the defendants' objection.

There was evidence tending to show that the defendants, having a contract with the city of Boston to tear down and rebuild Dover Street Bridge, applied to Lacy, one of the plaintiffs, who had some paving-stones, to furnish some of the stones in question; and that Lacy said that he would furnish some of the stones, and would thereby be enabled to pay a bill for iron which

he owed the defendants. The defendants also offered evidence tending to show that they made no contract with the plaintiff Barry, and had nothing to do with him concerning the same. The defendants' counsel asked them the following question : " At the time of making your contract for paving-stones with Lacy, did you have any claim against him for iron ? " To which the defendants answered that they did. He then asked them what the claim was; and stated, upon being asked by the judge, that he offered the evidence as proof of their declaration in set-off.

The judge excluded the evidence, and gave no instructions on the question of set-off. The jury found that the contract was made with the plaintiffs jointly, and returned a verdict for them; and the defendants alleged exceptions.

*W. E. L. Dillaway*, for the defendants.

*J. C. Coombs*, for the plaintiffs.

BY THE COURT. The plaintiffs' demand was tor unliquidated damages, and therefore, as already adjudged in this case, not subject to set-off under the Gen. Sts. *c.* 130, §§ 3, 7. *Barry v. Cavanagh*, 127 Mass. 394. *Exceptions overruled.*