GEORGE S. BARTON *vs.* HERBERT RADCLYFFE.

Suffolk.   March 20, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Pleading — Equitable Defence — Payment — Equitable Set-off — Conversion — Collateral Security — Tender.*

Under the St. of 1883, c. 223, § 14, permitting equitable defences in actions at law, such a defence must be one within the rules and principles of equity jurisprudence.

In an action on a judgment recovered by the payee of a note against the maker on his default, alleged to be brought for the benefit of an assignee of the judgment, the answer alleged that, when the judgment was obtained, the note, upon which

the assignee was a co-promisor or indorser, had been actually paid by such as-signee, as the payee well knew, and the maker had learned thereafter; that the judgment had not been assigned by the payee to the assignee; that the note was given for a loan with which to buy stock; that the maker upon buying it at once transferred it to such assignee for transfer to the payee as collateral security for the note; that the assignee had not transferred such stock, but had wrongfully converted it to his own use; and that thus it would not be equitable or just that such assignee should retain such stock and still recover the amount of the judgment from the maker.   The answer contained no aver-ment that the assignee was irresponsible; nor did the maker tender what was due on the note to entitle himself to a return of the collateral security. *Held*, that an equitable defence within the meaning of the St. of 1883, c. 223, § 14, was not disclosed by the answer.

CONTRACT on a judgment brought, as recited in the writ, " for the benefit of George M. Rice, assignee " of the judgment, which it was alleged was recovered by the plaintiff against the defendant in the Superior Court, on July 12, 1879, and upon which an execution was duly issued and remained unsatisfied in part.   The answer was as follows:

" The defendant says that he and George M. Rice, who is named as the beneficiary plaintiff in said action, were stock holders in a corporation called the ' Boston Journal of Com-merce Publishing Company,' the defendant owning and holding forty-two shares of said stock, the par value of which was $100 a share; that the defendant, desiring to obtain more of said stock, and not having ready money with which to purchase the same, conferred with said Rice in regard thereto; that said Rice then proposed to the defendant that he, the said Rice, would get George S. Barton, the nominal plaintiff in said action, to lend $1,000 to the defendant, for the purchase therewith from said corporation of ten shares of said stock, if he, the defend-ant, would make and deliver to said Barton his, the defendant's, promissory note for $1,000 payable to said Barton's order on demand, with interest at eight per cent per annum, and would assign and make over to said Barton as collateral security for such loan all of the defendant's said forty-two shares of said stock, together with the said additional ten shares proposed to be bought with the money so to be loaned by said Barton; that the defendant, then having entire confidence in the good will, good faith, and integrity of said Rice, consented to his said proposal, and thereupon made his promissory note of the tenor

as aforesaid, and assigned in blank his certificate of said forty-two shares of said stock, together with a certificate, in the defendant's name, of ten additional shares of said stock ; that the defendant did not then, nor until long afterwards, personally know the said Barton, and did not see him or have any communication with him during the said transaction ; that the defendant deposited and intrusted his said promissory note, and his said certificates of stock assigned in blank as aforesaid, in the hands either of said Rice or of William I. Holmes, the son-in-law of said Rice, and then the treasurer of said corporation, with the understanding and expectation that the said note would be indorsed by said Rice, and delivered · by him, together with said certificates of stock, to said Barton, upon the payment and delivery by said Barton of said sum of $1,000.

" And the defendant says, that he never received any money in his own hands for his said promissory note, and never received any consideration therefor except as aforesaid; that said certificate of said ten shares of stock was never in the defendant's hands or possession, except momentarily, for the time required for the defendant to sign his name to an assignment thereof, as aforesaid, and he does not know of his personal knowledge whether said $1,000 was ever received by said corporation for said ten shares of stock. And the defendant says that thereafter he paid into the hands either of said Rice or of said Holmes the money payable as interest accruing upon said note, with the understanding and expectation that the same would be paid to said Barton by said Rice or said Holmes.

" And further answering, the defendant admits that an action was brought against him in this court, at the July term thereof in the year 1879, in the name of said Barton as plaintiff, upon said promissory note, in which action the said plaintiff recovered a judgment and took out an execution against the defendant for the sum of $1,113.33, as alleged in the plaintiff's declaration in the action to which this answer is made. And this defendant says, that when said action was brought, at said July term, 1879, and during all the pendency thereof, and long afterwards, he understood and believed it was brought by said Barton in his own right and interest; that this defendant then believed said Barton was the holder and owner of said note ;

that it was unpaid; that said Barton had the legal right to maintain said action, and that no defence thereto was open to the defendant; that the defendant consequently did not enter any appearance in or set up any defence to said action, and in the absence of such appearance or defence said action was defaulted, and judgment entered as aforesaid.

" And this defendant says, that within the last ten days prior to the filing of this answer he has learned for the first time the facts hereinafter set forth and alleged, and hereby made a part of this answer, to wit: — 1. That long prior to the commencement of said action of July term, 1879, the said Barton had received from said Rice payment in full of said note, and the said Barton had no cause of action whatever against this defendant at the time said action was brought and said judgment recovered thereon. 2. That said Barton never assigned said judgment to said Rice. 3. That said execution has never been returned. 4. That said certificates of stock were never delivered to said Barton, and were never held by him as collateral security for said note. 5. That prior to September, 1878, without the knowledge or consent of this defendant, all of the fifty-two shares of said stock, the certificates of which this defendant had indorsed in blank as aforesaid for the intended security of said Barton as aforesaid, were transferred, and new certificates thereof issued to said Rice, whereby he appeared and represented himself to be the actual and absolute owner thereof.

" And, further answering, this defendant says no demand was ever made upon him for the payment of said note by said Barton, or by any other person, prior to the commencement of said action of July term, 1879, and no notice was ever given to him by said Barton, nor by any other person, that his said stock was to be sold, or that it had been sold, for default in the payment of said note; that this defendant has never received any proceeds of sale of said stock, nor any statement or account of such sale from any person; that he has never authorized or ratified any sale or any disposition of said stock, or any of it, except under proper legal forms and conditions by the said Barton, as collateral security for said note, and he has never in any way received any consideration, payment, or equivalent therefor except as aforesaid; that, to the best of his information and belief, said

fifty-two shares of stock have an actual value of not less than $5,000; that it is not equitable or just that said Rice should have and retain all of this defendant's said stock, including said ten shares, for payment of which said note was given, and still seek to recover of the defendant, in addition thereto, the full amount of said note, and the defendant claims and prays for all his rights in equity in the premises. And defendant further prays that the plaintiff's writ may be abated."

At the trial in the Superior Court, before *Pitman*, J., after the pleadings were read, the judge was of opinion, and ruled, that the answer set forth no valid and sufficient defence to the action, and ordered a verdict for the plaintiff, and reported the case for the determination of this court.

It appeared at the trial that the judgment was recovered upon a demand note for $1,000, dated October 18, 1873, signed by Radclyffe, payable to Barton or order, and indorsed by Rice before its delivery.

If the ruling was correct, judgment was to be entered on the verdict; otherwise, a new trial was to be ordered, or such other disposition made of the case as might be deemed proper.

*H. Lougee & F. P. Magee*, for the plaintiff.

*G. H. Kingsbury & W. C. Harriman*, for the defendant.

DEVENS, J. The defendant, in answer to the action brought in the name of the plaintiff, but for the benefit of Rice as assignee thereof, upon a judgment obtained by the plaintiff against him, relies upon the St. of 1883, c. 223, § 14. The first clause of this section provides that " in actions at law in the said courts, the defendant shall be entitled to allege as a defence any facts that would entitle him in equity to be absolutely and unconditionally relieved against the plaintiff's claim or cause of action, or against a judgment obtained by the plaintiff in such action."

This answer alleges that, at the time the judgment in the original suit was obtained, the note there sued, which was signed by him, and upon which Rice was either co-promisor or indorser, had been actually paid by Rice, as the plaintiff well knew. It further alleges that the judgment had not been assigned to Rice, and that Rice had held, as collateral security, fifty-two shares of stock intended to be transferred to the nominal plaintiff, which in fact had never been transferred,

but which had been wrongfully converted by Rice to his own use, and thus that it would be inequitable and unjust that the judgment against the defendant upon the note should be collected from him. The purpose of the statute was not to create any new equitable defences in addition to those already existing, but to permit a defendant in an action at law to avail himself of those which were recognized by courts of equity, and thus relieve him from the necessity of initiating a new procedure in order to obtain the benefit of them. That a defence should be established under it, such defence must be one within the rules and principles of equity jurisprudence.

A court of equity will interfere, undoubtedly, to restrain a party from executing a judgment when facts appear showing that it would be against conscience that he should do so, of which facts the injured party could not have availed himself in a court of law, or of which he might have availed himself, but which he had been prevented from doing by fraud or accident, unmixed with any fraud or negligence in himself or his agents. *Marine Ins. Co.* v. *Hodgsen*, 7 Cranch, 332. *Hendrickson* v. *Hinckley*, 17 How. 443. *Embry* v. *Palmer*, 107 U. S. 3. The defendant, in now asserting that the note on which judgment was recovered against him was then paid, presents no different inquiry from that which was involved in the original suit. The plaintiff then asserted the note to be unpaid. He practised no fraud, and if this assertion was untrue, the defendant had then the opportunity to controvert it, as it was the precise issue in the case. Nor is there anything to indicate that it would be unconscionable that the plaintiff should enforce his judgment for the benefit of Rice. The note on which it was founded was given by the defendant, on full consideration, which he actually received, although he transferred it as collateral security immediately thereafter. He made no answer or appearance in the cause, and was defaulted. It was his own duty to have paid the note, and he had not done so. Even if the note had actually been paid by the indorser, so that an action should more properly have been brought by him, rather than by the holder, for money advanced for the payment of the note, of which the defendant has only recently become aware, he shows no reason why, equitably, this judgment should not

be enforced. He was subjected to no deception, he made no inquiries, and took no pains in the matter, and he has lost no rights unless he has been deprived of some defence which he might make in a suit brought by Rice in his own name, which we will presently consider.

The answer that Barton, the nominal plaintiff, has never assigned his judgment to Rice, and that the defendant is entitled, equitably, to a set-off against Rice, are apparently inconsistent. If there was no such assignment, there can be no off-sets or equities between Rice and the defendant to be considered, and against Barton the defendant asserts no defence except that which we have just considered. As the plaintiff alleges that he has assigned the judgment to Rice, and that this suit is brought for Rice's benefit, we consider whether the defendant now presents any off-set or defence which should prevent Rice from recovering. He avers that Rice received from him fifty-two shares of stock, including the ten shares for the purchase of which the loan was made, which were to be delivered to Barton as collateral security for the payment of the note; that in fact they never were delivered to Barton, but that Rice retained them and wrongfully surrendered the certificates of this stock, which had been indorsed in blank by the defendant, and took out new certificates in his own name. Inasmuch as the note was to be paid by the defendant, if the stock were still held as collateral security for such payment, and was delivered for this purpose to Rice, the defendant, before paying the judgment, has no right to demand possession of it nor an accounting for it. *Fisher* v. *Fisher*, 98 Mass. 303. If Rice has wrongfully sold it, the plaintiff may have a claim for damages against him, but it is one which before liquidation he cannot set off against the judgment on the note. A claim for unliquidated damages, it is well settled, is not the subject of a set-off. *Loring* v. *Otis*, 7 Gray, 563. *Barry* v. *Cavanagh*, 127 Mass. 394, and 130 Mass. 436.

The defendant, in his answer, avers that " it is not equitable or just that said Rice should have and retain all of this defendant's said stock, including said ten shares, for payment of which said note was given, and still seek to recover of the defendant, in addition thereto, the full amount of said note, and the

defendant claims and prays for all his rights in equity in the premises." But he does not allege that Rice is not entirely responsible, so that he can recover the stock, or full damages therefor, if it is not returned to him when the judgment on the note which it was his duty to pay has been paid, nor does he here tender the amount due upon it so as to entitle himself to a return of the collateral security.     *Judgment on the verdict.*