REGINA FLOUR MILL COMPANY *vs.* FRANCIS M. HOLMES.

Middlesex.    January 20, 1892. — February 25, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Draft — Discharge in Insolvency — Right of Action.*

A discharge in insolvency under the laws of this Commonwealth is no bar to an action by a corporation formed under the laws of and doing business in another State, on a draft drawn by the corporation on the defendant, a citizen of this Commonwealth, although the contract which was the consideration for the draft was made by the defendant with the plaintiff's agent, who was a citizen of this Commonwealth, the plaintiff not having proved his claim in insolvency.

An action by the drawer against the acceptor of a draft may be maintained in the name of a bank which has no beneficial interest in the draft, but takes the same for collection at the request of the drawer.

CONTRACT upon two drafts, the first of which was as follows:
" $544.50.    Regina Flour Mill Company.    St. Louis, October 18th, 1886.    Thirty days after date pay to the order of ourselves (with exchange on New York or St. Louis) five hundred and forty-four $\frac{50}{100}$ dollars.    Value received and charge the same to account of Regina Flour Mill Company, per Geo. H. Backer, Secy.    To Mr. F. M. Holmes, Boston, Mass., No. 1055."

Indorsed across the face, " Accepted, F. M. Holmes, Oct. 25, 1886."

Indorsements (erased): " Pay R. Hospes, Cashier, or order. Regina Flour Mill Co., per Geo. H. Backer, Secy."  " Pay Hamilton National Bank or order for account of German Savings Institution, St. Louis, Mo.    Richard Hospes, Cashier."

The second draft was identical with the first, except that it was payable forty days after date and was dated October 21, 1886.

Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, which, so far as material, is as follows.

The plaintiff was a corporation organized under the laws of the State of Missouri, and had its mills, office, officers, and held its business meetings and kept its records in St. Louis in that State.

It appeared that the plaintiff had an agent in Boston, in this Commonwealth, through whom it made the contract with the defendant which was the consideration for the drafts; that the

defendant offered in evidence his discharge in insolvency under the insolvent laws of this Commonwealth, dated July 14, 1887, in which it appeared that the day of the first publication of the notice of the warrant was December 11, 1886; that the drafts were received by the Hamilton National Bank of Boston from the German Savings Institution of St. Louis, and were thereafter returned to the latter and the indorsements erased; that neither of said banks ever owned or had any interest in the drafts, and that R. Hospes dealt with the drafts only in his official capacity as cashier; that from the acceptance of the drafts they were the property of the plaintiff corporation, and that the latter never parted with its title thereto except for purposes of collection; that it never received any payment for or on account of the drafts, and that it made no proof of the drafts or of any claim in the insolvency proceedings of the defendant.

The judge ordered the jury to return a verdict for the plaintiff; and the defendant alleged exceptions.

*G. A. A. Pevey*, for the defendant.

*F. W. Kittredge*, for the plaintiff, was not called upon.

ALLEN, J. There was no evidence which would warrant a finding that either the plaintiff corporation or the German Savings Institution was a resident of Massachusetts.

The fact that the plaintiff made its contracts here, through an agent who was resident here, does not have the effect to make the defendant's discharge in insolvency good as against the plaintiff. *Guernsey* v. *Wood*, 130 Mass. 503.

The Hamilton National Bank took the drafts merely for collection. This appears from the indorsements themselves; and if it did not, the fact might be shown otherwise. No doubt an action might have been maintained in the name of the Hamilton National Bank, although it had no interest in the drafts. *Whitten* v. *Hayden*, 9 Allen, 408. *Spofford* v. *Norton*, 126 Mass. 533. Whatever might be the rule in case such action had been brought, the discharge is no bar when the action is brought by the true owner, who is not a resident of Massachusetts.

Nothing was proved to take the case out of the general rule, and the direction to return a verdict for the plaintiff was clearly right. *Kelley* v. *Drury*, 9 Allen, 27. *Phœnix National Bank* v. *Batcheller*, 151 Mass. 589.     *Exceptions overruled.*