ELMER E. HASKELL *vs.* MARGARET W. AVERY, executrix.

Norfolk.    November 18, 1901. — March 10, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Bills and Notes.*

In the words "For deposit in the National Bank of Florida, to credit of E. J. Neher," written on the back of a note, the name is none the less a signature and an indorsement because it makes part of a sentence.

If the holder of a note payable in Boston indorses it for deposit to his credit in a bank in Florida, this gives the Florida bank the legal right to the note and the right to collect it and authority to indorse it for collection. The fact that the words "or order" were not added to the indorsement for deposit does not limit the power of the bank to indorse for collection.

The indorsement, on a draft payable in Boston and sent from Florida for collection, by a New York bank "for [its] collection account" does not prevent the holder of the draft from suing on it or proving it before commissioners in his own name.

APPEAL to the Superior Court from a decision of commissioners appointed by the Probate Court of the County of Norfolk, to receive and examine claims against the estate of the late Edward Avery.

At the trial in the Superior Court, before *Hardy*, J., it appeared that the creditor's claim disallowed by the commissioners was on a note for $155 and a draft for $185. The note was as follows :

"$155.    Boston, May 6th, 1895.    Four months after date I promise to pay to the order of Edward Avery One Hundred and Fifty-five dollars.    Payable at any Bank in Boston.    Value received.    James T. Moore."

The note was indorsed as follows :

" Pay to the order of William B. Avery.    Edw. Avery.

" Pay to the order of Miss Ida Avery.    Wm. B. Avery.

" Pay to the order of Mr. E. J. Neher.    Ida Avery.

" For deposit in the National Bank of the State of Florida, Jacksonville, Fla., to credit of E. J. Neher.

" For collection account National Bank, State of Florida, Jacksonville, Fla.    Thos. P. Denham, Cashier."

The draft was as follows :

" $185.00.   Keuka, Fla., April 7th, 1894.   At (10) ten days sight pay to the order of E. J. Neher $185.   One Hundred and Eighty-five Dollars.   Value received and charge the same to account of Wm. B. Avery.   To Hon. Edward Avery, Exchange Building, State St., Boston."   Across the face was written : "Accepted.   Edw. Avery."

The draft was indorsed as follows :

" E. J. Neher.

" For deposit in National Bank of the State of Florida, Jacksonville, Fla., to credit of E. J. Neher.

" Pay American Exchange Nat'l Bank, New York, or order for credit acct. Nat'l Bank of the State of Fla., Jacksonville, Fla.   Thos. P. Denham, Cashier.

" For collection account Amer. Exch'ge National B'k, New York.   Edward Burns, Cashier.   Apr. 12, 1894."

It seemed to have been admitted or assumed that Elmer E. Haskell, the alleged creditor, was the lawful holder of the note and draft.

The judge affirmed the finding of the commissioners and disallowed the claim ; and the appellant alleged exceptions.

*U. G. Haskell*, for the appellant.

*F. Paul*, for the appellee.

HOLMES, C. J.   The only question is whether the holder of the note and draft can prove in his own name.   To decide this it is necessary to consider the purport and effect of two indorsements.   The first is that of Neher : " For deposit in the National Bank of the State of Florida, Jacksonville, Fla., to credit of E. J. Neher."   Neher's name is a signature although it also makes part of a sentence.   The signature is often made part of the last sentence of a letter, but no one ever thought, we suppose, that it was less a signature on that account.   The indorsement then is in effect the same as if it read " For deposit . . . to my credit.   E. J. Neher."   Such an indorsement is restrictive in the sense that it gives notice of the trust to any one who should take the note thereafter, and therefore makes it impossible for one who should discount it for the holder to retain the proceeds, when collected, to his own use.   *Lloyd* v. *Sigourney*, 5 Bing. 525.   But there seems to be no reason for denying that it gave to the Florida National Bank the right to collect the note and

to that end to bring a suit, if necessary, in its own name. *Regina Flour Mill Co.* v. *Holmes*, 156 Mass. 11, 12.   In other words, there seems to be no reason for denying that it gave the bank the legal title to the note, as the bank certainly would have owned the proceeds of the note when collected, and thereafter would have been simply a debtor to Neher for the amount. It does not matter if the title was voidable in case the depositor should have seen fit to revoke his mandate, or the bank had returned the paper upon a failure to collect.

If these preliminaries are admitted, there is not much more difficulty in taking the next step.   The very purpose of indorsing a note payable in Boston to a Florida bank for deposit is that the Florida bank should get the note collected and make itself the depositor's debtor by the usual measures.   Those, it is well known, are the indorsements through intervening banks to a bank or person in Boston.   The fact that the words " or order " were not added did not, of itself, limit the power of the bank to indorse.   *More* v. *Manning*, 1 Comyns, 311.   *Acheson* v. *Fountain*, 1 Strange, 557.   *Edie* v. *East India Co.* 2 Burr. 1216. *Leavitt* v. *Putnam*, 3 Comstock, 494.   And the fact that the indorsement to the bank was restrictive in the sense that it disclosed a trust did not prevent the bank from passing the legal title subject to the trust to the Boston bank or person ultimately called upon to collect.   This is in accordance with reason, has the sanction of Massachusetts authority, as well as of other courts, and seems to be established as the law for future transactions by statute.   *Freeman's National Bank* v. *National Tube Works*, 151 Mass. 413, 417.   1 Daniel, Neg. Instr. (4th ed.) § 698 *d*, note 4.   R. L. c. 73, §§ 53, 54.   See *National Pemberton Bank* v. *Porter*, 125 Mass. 333, 335.

The second indorsement to be considered is the last appearing upon the paper.   It is by a New York bank, " for [its] collection account."   The indorsement is in blank, and there is less doubt than in the former case that the words " for collection account " do not preclude the holder from suing or proving in his own name.   *Freeman's National Bank* v. *National Tube Works*, *ubi supra.*   *Regina Flour Mill Co.* v. *Holmes*, 156 Mass. 11, 12.

For these reasons the appellant should have been allowed to prove his claim.                              *Exceptions sustained.*