## EDWIN R. JUMP *vs.* ALBERT E. LEON.

Suffolk.    March 14, 1906. — September 4, 1906.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Set-off.    Bills and Notes.    Practice, Civil,* Set-off, Parties, Exceptions, Equitable defences.

In an action on a promissory note the defendant cannot set off as a defence at law under R. L. c. 174, § 1, a note of the plaintiff which he purchased after the action was brought.

The holder of a negotiable promissory note indorsed in blank, in which he has no beneficial interest, may maintain an action on the note against the maker if he has the assent of the beneficial owner to whom he is accountable for the proceeds.

Whether the placing of an overdue negotiable promissory note indorsed in blank in the hands of an attorney with directions to collect it but with no further instructions gives the attorney authority, in the absence of facts showing such a course to be necessary or advisable, to transfer the note to a third person having no interest therein in order that an action upon the note may be brought in the name of that person, here was not considered, an exception raising this point having been treated as waived because not argued.

Where an action on a promissory note is brought by one having no interest therein, to whom it has been transferred for the purpose of bringing the action for the sole benefit of the owner of the note who is not named in the writ, the defendant under R. L. c. 174, § 5, may be allowed to set off a claim against the beneficial owner of the note.

Where after the bringing of an action on a promissory note by a holder having no interest therein the plaintiff in interest dies, and the solvency of his estate is admitted by the executrix of his will to be doubtful but in the Probate Court she does not represent the estate as insolvent, if the defendant after the bringing of the action has acquired in good faith and for value certain unmatured notes of the plaintiff in interest, and thereafter while the action is pending and before the death of the plaintiff in interest the notes mature, but a year has not elapsed since the appointment of the executrix, the defendant cannot prove against the

plaintiff as an equitable defence under R. L. c. 173, § 28, the notes he has acquired, although he could do so if the estate of the plaintiff in interest had been declared insolvent by a decree of the Probate Court; but in such a case the defendant on his motion may be granted a continuance until a year from the appointment of the executrix has expired so that he can obtain judgment on his claim and set it off.

CONTRACT on two promissory notes, one for $292.51 and the other for $279.80, made by the defendant payable to his own order and indorsed by him in blank. Writ in the Municipal Court of the City of Boston dated March 24, 1904.

The defences were a general denial, payment, and the equitable defence that the notes were owned, not by the plaintiff, but by one Bates who died while the action was pending; that the defendant held and owned notes made by Bates to an amount larger than the plaintiff's claim; that the estate of Bates was insolvent; and that the defendant was entitled to apply the notes made by Bates in satisfaction of the notes declared on.

On appeal to the Superior Court the case was tried before *Wait,* J. It appeared in evidence that Bates owned the notes in suit; that the plaintiff never had any interest in them; that his right to bring the action was based solely on the fact that Bates's attorney after the maturity of the notes without consideration handed them to the plaintiff for the purpose of transferring them to him in order that the action might be brought in his name; and that the plaintiff immediately handed them back to the attorney.

It also appeared that on November 28, 1904, the defendant purchased for a valuable consideration and still held certain notes of Bates for amounts which in the aggregate were more than the amount of the notes in suit; that Bates died on December 12, 1904; that on March 24, 1905, Mary E. Bates qualified as executrix of his will; and that it was not certain that his estate was solvent. These notes were offered in evidence by the defendant and were excluded by the judge.

At the close of the evidence the defendant asked the judge to make the following rulings:

1. Upon all the evidence the verdict must be for the defendant.

2. Upon all the evidence the title and ownership of the notes declared on was in Harry W. Bates at the time this action was

brought and until his death, and is now in the executrix of his will.

3. The beneficial ownership of the notes declared on was in Harry W. Bates at the time this action was brought and thereafter until his death, and is now in the executrix under his will.

4. If the jury find that there was no delivery of the notes declared on by Harry W. Bates to Edwin R. Jump, the plaintiff, the verdict must be for the defendant.

5. The mere request of the owner of the notes to another person, to allow the use of his name as plaintiff in bringing a suit on such notes, is not sufficient to constitute a delivery of such notes to the party of whom such request is made.

6. If the defendant became the purchaser and owner of valid notes against Harry W. Bates before the death of Bates, and still remains the owner thereof, the verdict must be for the defendant.

The judge refused to make any of these rulings, and directed the jury to return a verdict for the plaintiff for the amount of the notes declared on, with interest. The jury returned a verdict for the plaintiff in the sum of $610.44 ; and at the request of the defendant the judge reported the case for determination by this court. If the exclusion of evidence, the refusals to rule and the direction of a verdict were correct, judgment was to be entered for the plaintiff upon the verdict; otherwise, a new trial was to be ordered.

*F. L. Norton*, for the defendant.

*W. H. Thorpe*, for the plaintiff, submitted a brief.

Braley, J.   Under R. L. c. 174, § 1, if an action on the promissory notes set out in the declaration had been brought by Bates in his own name, and after his death prosecuted by his executrix, the defendant by reason of the statute could not at law have had by way of set-off the benefit of the counterclaim now pleaded as an equitable defence, although the notes held by him were purchased in the lifetime of the testator, because he did not acquire title until after the commencement of the action. *Cook* v. *Mills*, 5 Allen, 36.   *Backus* v. *Spaulding*, 129 Mass. 234, 236.

By repeated decisions beginning with *Little* v. *Obrien*, 9 Mass. 423, it has been settled that the holder of negotiable paper

indorsed in blank to which he has no legal title, or in which he has no beneficial interest may maintain after maturity a suit thereon against the maker, with the assent of the real owner to whom when recovered he is accountable for the proceeds. *Whitten* v. *Hayden*, 9 Allen, 408. *Wheeler* v. *Johnson*, 97 Mass. 39. *National Pemberton Bank* v. *Porter*, 125 Mass. 333, 335. *Spofford* v. *Norton*, 126 Mass. 533. *Parks* v. *Smith*, 155 Mass. 26, 31. *Prescott National Bank* v. *Butler*, 157 Mass. 548. *Regina Flour Mill Co.* v. *Holmes*, 156 Mass. 11. *Haskell* v. *Avery*, 181 Mass. 106. *New England Trust Co.* v. *New York Belting & Packing Co.* 166 Mass. 42, 45. *Fay* v. *Hunt*, 190 Mass. 378. See *Towne* v. *Wason*, 128 Mass. 517.

It is unnecessary, however, to decide whether the placing of the notes by Bates in the hands of an attorney at law with directions to collect them but with no further instructions, there being no disclosure of any facts on the evidence which rendered such a course on his part necessary or advisable, constituted a sufficient authorization for him to transfer them to the plaintiff for the purpose of having the action brought in his name; for the exceptions to the refusals to rule that for this reason, as neither the beneficial interest nor legal title passed, the action could not be maintained have not been argued, and must be considered as waived.

This leaves as the only question whether the defendant has a right to an equitable set-off of the unmatured notes. Beyond the mere form in which the present action is cast is the substance of the contractual relations of the parties in interest even if the demands are unconnected, and in equity, or at law, the nominal difference of parties plaintiff, where the litigation in reality is for the sole use and benefit of a party not named in the writ, but whose title is shown to be absolute, is not a bar which prevents the other party from maintaining his claim in set-off. R. L. c. 174, § 5. *Commonwealth* v. *Phœnix Bank*, 11 Met. 129, 136. *Tyler* v. *Boyce*, 135 Mass. 558, 560. *Boyden* v. *Massachusetts Ins. Co.* 153 Mass. 544, 548. *Stewart* v. *Coulter*, 12 S. & R. 252.

The notes held by the defendant, apparently as a purchaser for value and in good faith, matured on December 10, 1904, and the maker died on December 12, 1904, and a year not having

elapsed since the appointment of the executrix an action against her cannot be maintained until its expiration. *Smith* v. *Hill*, 8 Gray, 572, 574. R. L. c. 141, § 1. No unreasonable delay in bringing an action, therefore, can be imputed, and from the evidence of the executrix it may be inferred that the estate is not solvent, and if before verdict it had been represented insolvent, the set-off claimed could have been enforced although the notes were not due at the date of the plaintiff's writ. R. L. c. 174, § 5. *Bigelow* v. *Folger*, 2 Met. 255. *Phelps* v. *Rice*, 10 Met. 128, 131. *Aldrich* v. *Campbell*, 4 Gray, 284, 286. The position then in which the defendant is placed is this : he holds valid outstanding promissory notes against an estate the solvency of which is admitted by the executrix to be doubtful, and is unable to enforce them independently, by reason of the special statute of limitations. The equity arising from such a situation is urged by him as a reason why he should be given the opportunity to try the question of the insolvency in fact of the estate, and upon this issue being found in his favor then to set off one debt against the other. In other jurisdictions this equitable right has been held to be created by the fact of insolvency of one of the parties where there are mutual debts similar as to their maturity to those shown in this case, and the relief given is not made dependent on a formal adjudication of the debtor as an insolvent, or a bankrupt. See *Ford* v. *Thornton*, 3 Leigh, 695, 698 ; *Lindsay* v. *Jackson*, 2 Paige, 581 ; *American Bank* v. *Wall*, 56 Maine, 167 ; *Gay* v. *Gay*, 10 Paige, 369, 376 ; *Levy* v. *Steinbach*, 43 Md. 212 ; *Twigg* v. *Hopkins*, 85 Md. 301 ; *Goodwin* v. *Keney*, 49 Conn. 563, 569 ; *Stewart* v. *Coulter*, 12 S. & R. 252; *Smith* v. *Felton*, 43 N. Y. 419, 423 ; *Nashville Trust Co.* v. *Fourth National Bank*, 91 Tenn. 336; *Ex parte Stephens*, 11 Ves. 24; *Williams* v. *Davies*, 2 Sim. 461 ; *Agra Bank* v. *Hoffman*, 34 L. J. (N. S.) Ch. 285 ; *Schuler* v. *Israel*, 120 U. S. 506 ; *Carr* v. *Hamilton*, 129 U. S. 252, 255 ; *Scott* v. *Armstrong*, 146 U. S. 499 ; *North Chicago Rolling Mill Co.* v. *St. Louis Ore & Steel Co.* 152 U. S. 596 ; *Camden National Bank* v. *Green*, 18 Stew. 546, and note; *In re Hatch*, 155 N. Y. 401.

But in *Spaulding* v. *Backus*, 122 Mass. 553, 556, where the doctrine of equitable set-off was fully considered, with a review of some of the earlier authorities, it was said "that a party,

whose debt is not due, has no equitable claim to have it set off against a debt of his own, already due, in the hands of a party who is insolvent," and hence in those of his executor or adminis- trator, where neither the debtor nor the estate has been adju- dicated insolvent, and this doctrine was approved and followed in *Wiley* v. *Bunker Hill National Bank*, 183 Mass. 495, 497, 498. The rule established by these cases so far as they relate to this question is that if a decree had been passed by the Probate Court declaring the estate of Bates insolvent this defence would have been immediately available, but as the executrix has not chosen to take such action the fact of actual insolvency cannot be shown under R. L. c. 173, § 28, permitting an equitable defence which entitles a defendant to be unconditionally relieved against either the claim, or the judgment, by any form of appropriate relief recognized by a court of equity. *Barton* v. *Radclyffe*, 149 Mass. 275, 280. *New York, New Haven, & Hartford Railroad* v. *Martin*, 158 Mass. 313. *Nash* v. *D'Arcy*, 183 Mass. 30.

But it would be unfortunate if the defendant was finally left without any remedy which a court in the exercise of a sound discretion might grant. If the plaintiff obtained judgment, and then instead of taking out execution brought suit, the exemption of the executrix having expired, and the defendant's notes having matured, they could be set off under R. L. c. 174, § 5. It is sug- gested that as this section applies only to debts which may be put in suit, if the defendant recovered judgment against the es- tate, by reason of the diversity of parties such judgments would not be a subject of set-off. The court will look at substance instead of form for the purpose of administering justice, and in *Barrett* v. *Barrett*, 8 Pick. 342, it was decided that judgment in favor of the judge of probate in a suit on a probate bond could be set off against a judgment recovered by the executor in his individual capacity against the legatee for whose benefit the first suit had been instituted. Nor is it requisite that the name of the real party in interest should appear in the record, as this may be shown by oral evidence, and when established a set-off follows with the same effect as if the adverse party had been disclosed by the recitals in the judgment. *Sheldon* v. *Kendall*, 7 Cush. 217, 219. See *Fiske* v. *Steele*, 152 Mass. 260 ; *Tilton* v. *Goodwin*, 183 Mass. 236. To afford this relief courts, pro-

ceeding according to the common law with jurisdiction of the subject matter and of the parties, have continued cases after verdict until a defendant could obtain judgment on his claim which for any sufficient reason could not have been pleaded in the action, so that ultimately such set-off could be made. *Dennie* v. *Elliott*, 2 H. Bl. 587.  *Barker* v. *Braham*, 2 Wm. Bl. 869.  *Brown* v. *Hendrickson*, 10 Vroom, 239.  *Wolcott* v. *Jones*, 4 Allen, 367, 368.  *Ames* v. *Bates*, 119 Mass. 397.  *Chipman* v. *Fowle*, 130 Mass. 352, 354.  See *McLauthlin* v. *Smith*, 176 Mass. 46, 47.

It will be open to the defendant by a motion in the Superior Court for a continuance for judgment to obtain suitable relief, but if such action is not taken, or relief is not granted, then according to the terms of the report, as no error of law is found at the trial, the order must be

*Judgment for the plaintiff on the verdict.*