BREITUNG et al. v. PACKARD et al.

(District Court, D. Massachusetts. October 21, 1919.)

No. 1069.

COURTS ⬤➡342—PRACTICE; EQUITABLE DEFENSES IN ACTIONS AT LAW.
    A defense to which a third person is obviously a necessary party cannot in an action at law be set up by equitable answer, under Act March 3, 1915, c. 90 (Comp. St. § 1251b); but it authorizes only such equitable defenses as can be adequately made between the original parties to the action.

Action by Edward N. Breitung and others against Azel A. Packard and others, on demurrer to answer. Demurrer sustained.

Storey Thorndike, Palmer & Dodge and Harold S. Davis, all of Boston, Mass., for plaintiffs.
Charles H. Beckwith, of Springfield, Mass., for defendants.

MORTON, District Judge. The gist of the alleged equitable defense is that the plaintiffs agreed with a third person to buy from it certain stock at a price more than sufficient to pay the entire issue of the notes in suit, and that the third person agreed with the defendants to apply the proceeds of said sale to the payment of the notes. The

questions are: (1) Whether such facts constitute in equity a defense; and if so (2) whether the defense can be set up by equitable answer in an action at law, under the Act of March 3, 1915, c. 90 (38 Stat. 956 [U. S. Comp. St. 1918, § 1251b]).

Discussing the second of these questions, it is obvious that the third person is a necessary party to such a defense, and that the defense ought not to be allowed unless the third party can be brought into the case. The ordinary practice in actions at law affords no way of doing so. It cannot be done under the act unless the answer be given the effect of a bill in equity to restrain the action at law. There is a dictum in U. S. v. Richardson, 223 Fed. 1010, 1013, 139 C. C. A. 386—a jury-waived case—which perhaps sustains that view. But the point has never been decided, and the practical difficulties which such a construction of the act would create in jury trials are so great and apparent, that it seems to me unlikely Congress could have so intended. Bills setting up equitable defenses are often complicated, involving many parties, and raising many questions. A jury trial is not a flexible proceeding, nor well adapted to the determination of complicated and confused issues. If the act be given the broad construction suggested, cases can easily be imagined which it would be impossible to try properly before a jury.

Massachusetts has had a statute allowing equitable defenses in actions at law since 1883. Rev. Laws Mass. c. 173, § 28. The point under discussion seems not to have been raised under it; but I have found no decision in which a third party was brought into an action at law by an equitable answer. It seems to have been assumed that the statute only applied to such defenses as could be adequately made between the two parties to the original action.[1] That seems to me to be the sound construction of the act in question.

It follows that, as this answer discloses the necessity of a third party in order to establish the defense which it sets up, it is not good under the act; and the demurrer to it should be sustained.

It is not necessary to pass on the other grounds of demurrer, nor upon the question whether the facts disclosed in the answer constitute an equitable defense.

[1] See Barton v. Radclyffe, 149 Mass. 275, 279, 21 N. E. 374; St. Jean Bap. Soc. v. Worcester Co. Inst., 228 Mass. 556, 561, 117 N. E. 921; Jump v. Leon, 192 Mass. 511, 78 N. E. 532, 116 Am. St. Rep. 265; and also suits in equity referring to the statute, Eustis Mfg. Co. v. Saco Brick Co., 198 Mass. 212, 217, 84 N. E. 449; Spaulding v. Backus, 122 Mass. 553, 23 Am. Rep. 391.