BENJAMIN SILVERMAN & others *vs.* H. ROTHFARB & another.

Middlesex. January 15, 1924. — January 19, 1924.

Present: RUGG, C.J., DECOURCY, PIERCE, CARROLL, & WAIT, JJ.

*Bills and Notes,* Validity.　*Fraud.*　*Evidence,* Competency, Materiality.
　*Practice, Civil,* Exceptions.

If, in an action by the payee against the maker of a promissory note given as part of the purchase price of real estate, the defendant in his pleadings and evidence contends and introduces evidence tending to show that the plaintiff intentionally made false statements of material facts, as distinguished from matters of opinion and from dealer's talk, which were believed and relied on by the defendant to his damage, a finding for the defendant is warranted.

At the trial of an action of the character above described, testimony of the defendant that he said to the plaintiff that he wanted to look over the property, but that the plaintiff " insisted that the agreement [for purchase] must be signed then and there or there would be no sale," was competent as a part of a conversation in which the alleged specific misrepresentations were made by the defendant; and a remark by the trial judge, when admitting such testimony, to the effect that the urgency of the sellers in trying to push the bargain to completion without giving the buyers a chance to look at the property was a circumstance entitled to consideration, was *held* not to be open to exception.

At the trial of the action above described, there was no harmful error in the exclusion of the following questions, asked of a real estate broker who was the father of the defendant: " You all agreed between yourselves that . . . [a certain attorney at law] was to write down in the agreement all the promises and all the obligations of the parties, did you not? " and, " Now, so far as you have heard them say there at the time they negotiated this transaction, they relied upon your recommendation, is that right? " such questions being irrelevant in substance and improper in form and no offer of proof having been made as to what answers were expected.

Exceptions, saved at a trial, which are not argued before this court either orally or upon brief of the excepting party, are to be treated as waived, notwithstanding the fact that the excepting party states that all his exceptions are relied on.

CONTRACT, upon a promissory note, by the payees against the makers. Writ in the Third District Court of Eastern Middlesex dated July 13, 1922.

On removal to the Superior Court, the action was tried before *King*, J. In the course of the trial, a broker, who was the father of one of the defendants, was asked, " You all agreed between yourselves that Mr. Zintz [an attorney at law] was to write down in the agreement all the promises and all the obligations of the parties, did you not? " and, " Now, so far as you have heard them say there at the time they negotiated this transaction they relied upon your recommendation, is that right? " Both questions were excluded subject to exceptions by the plaintiffs. The broker further testified that he signed the agreement as broker and that he knew of no reason for his signing the agreement except that, " This is lawyer Zintz's fault; I couldn't read and I felt safe, if he tells me to sign ten times I will sign." There was a verdict for the defendants. The plaintiffs alleged exceptions which, after the resignation of *King*, J., were allowed by *Wait*, J.

The case was submitted on briefs.

*S. Brenner*, for the plaintiffs.

*A. J. Berkwitz*, for the defendants.

BY THE COURT. This is an action of contract by the payees against the makers of a promissory note for $300 dated June 15, 1922, payable the next day, and given as part of a deposit for the purchase of real estate. The main defence is that the defendants were induced to agree to buy the real estate and consequently to sign the note by reason of the fraud and misrepresentations made to them by the plaintiffs. There was ample evidence to prove such fraud and misrepresentations, as the inducement to the signing and delivery of the note. It need not be recited. The jury might well have found on the evidence that the plaintiffs intentionally made false statements of material facts as distinguished from matters of opinion and from dealers' talk, which were believed and relied on by the defendants to their damage. If these were found to be the facts a defence to the note was established. *Kilgore* v. *Bruce*, 166 Mass. 136. *Bates* v. *Cashman*, 230 Mass. 167, 168.

The testimony of one of the defendants, that he said to the plaintiffs that he wanted to look over the property but that one of the plaintiffs " insisted that the agreement must be signed then and there or there would be no sale," was competent as a part of the conversation in which the specific misrepresentations were made. The remark of the trial judge in admitting this testimony, to the effect that the urgency of the sellers in trying to push the bargain to completion without giving the buyers a chance to look at the property was a circumstance entitled to consideration, was not open to exception. This evidence also was competent on the issue, whether the defendants relied on the misrepresentations.

There was no harmful error in the exclusion of the questions to the broker. They were irrelevant in substance, and improper in form. Moreover no offer of proof was made as to the expected answers.

The requests for instructions which were denied and the exceptions to the charge have not been argued and may be

treated as waived notwithstanding the statement of the plaintiffs that all exceptions are relied on. *Commonwealth* v. *Dyer*, 243 Mass. 472, 508. *Commissioner of Banks* v. *Cosmopolitan Trust Co.*, *ante*, 334. Careful examination of the entire record reveals no reversible error.

*Exceptions overruled.*