JOHN A. BREMNER, administrator, *vs.* MARGARET E. HESTER
& another.

Plymouth.   October 22, 1926. — March 1, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Judgment.   Accord and Satisfaction.   Evidence,* Competency.

In an action upon a judgment, evidence of an accord and satisfaction made
before the entry of judgment is not admissible in defence.

The rule of law which forbids the contradiction of a judgment is not to be
avoided by calling the contradiction an equitable defence.

CONTRACT upon a judgment entered of record in the
Superior Court for the county of Plymouth in the sum of
$1,317.06 damages and $86.20 costs.   Writ in the District
Court of Brockton dated January 28, 1925.

On removal to the Superior Court, the action was tried
before *Walsh,* J.   Material evidence and exceptions by the
defendant are described in the opinion.   By order of the
judge, a verdict was entered for the plaintiff in the sum of
$2,876.67.   The defendants alleged exceptions.

The case was submitted on briefs.

*J. McCarty, G. W. Folsom, Jr., & J. P. Barlow,* for the
defendants.

*W. G. Rowe & C. H. Porter,* for the plaintiff.

WAIT, J.   This is an action upon a judgment.   The de-
fendants have brought before us exceptions to a ruling ex-
cluding evidence offered to show that before the entry of the
judgment the parties had made accord and satisfaction, and
to an order directing a verdict for the plaintiff.   They have
argued the question of evidence only, and we must, there-
fore, in accord with our practice, treat the other exception
as waived.   *Commonwealth* v. *Dyer,* 243 Mass. 472, 508.
*Commissioner of Banks* v. *Cosmopolitan Trust Co.* 247 Mass.
334, 346.   *Silverman* v. *Rothfarb,* 247 Mass. 456, 458.

In an action upon a judgment evidence of an accord and
satisfaction, made before the entry of judgment, is not ad-

missible to defeat the suit. The entry of judgment imports a determination that no cause exists which makes the entry improper. This determination cannot be contradicted nor its propriety questioned except by exception, report or appeal in the same case, or by new proceedings for the purpose of vacating the judgment under G. L. c. 250, or by writ of error. *Savage* v. *Welch,* 246 Mass. 170, 176. *Heard* v. *Calkins,* 234 Mass. 526. *Joyce* v. *Thompson,* 229 Mass. 106. *Barton* v. *Radclyffe,* 149 Mass. 275. *Mowry* v. *Chase,* 100 Mass. 79. *Loring* v. *Mansfield,* 17 Mass. 394. *Thatcher* v. *Gammon,* 12 Mass. 268. "If the defendant would avoid the effect of the judgment, he must do so by procuring the judgment itself to be vacated." *Hendrick* v. *Whittemore,* 105 Mass. 23, 30.

There is nothing here to show that the accord and satisfaction, if ever made, could not have been pleaded before trial was held in the original suit in 1905, R. L. c. 173, § 33; or that anything in the nature of deceit was practised on the defendants which would bring the case within the principles illustrated by *Brooks* v. *Twitchell,* 182 Mass. 443.

We see no reason why a failure to set up an alleged accord and satisfaction, carried out before entry of judgment, should be treated with greater leniency than failure in an action on a promissory note to set up payments on the note made before the trial. The reasons stated in *Loring* v. *Mansfield, supra,* are as compelling in the former as in the latter situation. The salutary rule of law which forbids the contradiction of a judgment is not to be avoided by calling the contradiction an equitable defence. See *Barton* v. *Radclyffe, supra; Brooks* v. *Twitchell, supra.*

No question of the jurisdiction of the court to enter the original judgment has been raised. See *Hendrick* v. *Whittemore, supra.*

*Exceptions overruled.*