*Northern District*
No. 5829
S. L. BARNES et als d/b/a
PUBLIC FINANCE COMPANY
v.
DOROTHY TADDEO
December 31, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Clark, J.* in the First District Court of Southern Middlesex (Framingham). No. 506.

*Brooks, P. J.* This is a contract action seeking to recover $1,380.00 being the face amount of a promissory note signed by defendant payable to plaintiff for the purchase by defendant from Natick Auto Sales, Inc. of a 1957 Ford Sedan for the purchase price of $900.00. The answer sets up general denial, payment, denial of signature, demand for proof, fraud in obtaining signature, want of consideration and failure of consideration.

Plaintiff filed no requests for rulings. Defendant filed requests for rulings which, with the court's action thereon, are as follows:

"1. Upon all the evidence, the plaintiffs are not entitled to recover

1. *I rule that a finding for the plaintiff is not required.*

2. The defendant's signature to the note in question was obtained by fraud practised upon her by an agent of the Natick Auto Sales, Inc.

2. *Granted, as a finding of fact.*

3. If an agent of the plaintiffs was present and knew the defendant was being defrauded, then the plaintiffs are not entitled to recover.

3. *Granted, I so find as fact.*

4. If the defendant was ever liable to the plaintiffs, her liability ceased after the return of the motor vehicle involved to the Natick Auto Sales, Inc. and notice to the plaintiffs.

4. *Granted.*

5. The plaintiffs made themselves a party to the transaction between the plaintiffs and the defendant when the transaction took place in their office and they made the check payable to the Natick Auto Sales, Inc.

5. *Granted.*

6. If there were any consideration advanced by the plaintiffs to the defendant, the same failed.

6. *Granted.*

7. The vehicle sold by the Natick Auto Sales, Inc. to the defendant with the knowledge of the plaintiff's agent was not fit for its known use and therefore the defendant had a right to rescind her contracts.

7. *I so find as fact.*

8. The defendant had a right to return the vehicle in question to the vendor in or within one month from the date of the sale, and thus end her liability on the promissory note in question.

8. *Granted."*

The judge found for defendant. Plaintiff filed a motion for a new trial. Defendant meanwhile waived her requests for rulings.

Plaintiff filed a draft report upon which there was a hearing. The motion for a new trial was denied and plaintiff's draft report was dismissed.

Plaintiff filed another draft report on dismissal of the first report. The matter came before this Division which held that the first draft report was improperly dismissed. There was then a hearing on the first draft report. The report now before us is the result of that hearing.

Plaintiff is appealing from the trial judge's disposition of defendant's requests for rulings. Defendant appeals from the denial of her motion that plaintiff's draft report be disallowed because of her waiver of her requests for rulings.

Defendant's appeal is here disregarded because it was argued neither orally or by brief. We consider therefore only the appeal of plaintiff. It is not necessary to set forth evidence in addition to that which appears in the judge's findings which were as follows:

"1. This is an action on a promissory note wherein the plaintiffs, trustee under voluntary trust, sue to recover thirteen hundred and eighty dollars, being the total face amount of an installment note payable in thirty monthly installments of $46, dated Jan. 1,

1963. The answer contains a general denial, a plea of fraud in obtaining signature, want of consideration and failure of consideration.

2. The defendant, a young lady of 21 years old at the time in question and employed as a store clerk, bargained with the authorized representative of the Natick Auto Sales, Inc., doing business in Natick, for the purchase of a 1957 Ford Sedan for the purchase price of $900. In the bargaining she explicitly stated she required a 30 day trial period with the privilege of returning the car if she was not satisfied with it and such condition was agreed to.

3. The salesman had an order-form made out and signed by her and took her to the plaintiff's place of business in Framingham where the note sued on and a collateral security agreement were prepared and were signed by her, the plaintiff's representative well knowing that the sale was on condition of a trial period. A check for $900 payable to Natick Auto Sales and Dorothy R. Taddeo was made out and she was required to endorse it without being allowed to take it away because it was turned over to the representative of the Natick Auto Sales, Inc. then and there.

4. The defendant received the 1957 Ford, made a trial operation thereof and found it unsatisfactory and unfit to drive because the auto shimmied and lacked sufficient engine power besides having a defective winshield wiper and radio. She rescinded the sale

promptly and returned the car to the Natick Auto Sales immediately.

5. I conclude from all the evidence that the papers prepared by Natick Auto Sales, Inc. and the plaintiff purposely excluded the stipulated right to a trial period and to return the car if unsatisfactory and that such exclusion was a fraud on the defendant. I conclude further that she relied, and reasonably relied, on both to include the stipulated trial period and right of return and that they acted collusively in that respect."

### ORDER

"Judgment is to be entered for the defendant when the case is ripe therefor."

The appeal of plaintiff is based on alleged errors in the disposition of requests for rulings to which we have given consideration, despite possible validity of defendant's argument that after being waived they were no longer before the court.

We find no error in the court's disposition of the requests for rulings. Plaintiff's primary contention is that the court was not justified in finding fraud. This was a question of fact over which the judge's finding may not be reversed unless plainly wrong. *Dolham v. Peterson*, 297 Mass. 479, 481; *Liberty Mutual Ins. Co. v. A. C. Martinelli Plastic Corp.*, 344 Mass. 498, 502; *Hurley v. Noone*, 347 Mass. 182; *Downey v. Foley's Cafe*, 15 LEGALITE 609.

A promissory note is a species of contract. As stated by Williston in his work

on Contracts Rev. Ed. 1936, "Infancy, Fraud, Mistake, Duress, Some Kinds of Illegality, —all afford grounds for rescinding or refusing to perform a contract."

Difficulties may arise in the case of a holder in due course who is unaware of the fraud to which the original payee was a party. That difficulty does not present itself here because the original payee is the plaintiff whose authorized representative, according to the trial judge, was party to the fraud by failing to correct a misrepresentation made in his presence and which in part at least was an inducement for defendant to sign the note. See also *Berenson v. Conant,* 214 Mass. 127, 133 cited in Brannan on Negotiable Instruments (7th Ed.) 855.

There was ample evidence to support the judge's finding of fraud. It necessarily follows that plaintiff,—party to the fraud, has lost the right to enforce an otherwise enforceable contract. *Silverman v. Rothfarb,* 247 Mass. 456; *Kilgore v. Bruce,* 166 Mass. 136. See also *Isenbeck v. Burroughs,* 217 Mass. 537, 540; *Dodge v. Bowen,* 264 Mass. 208, 216.

*Report dismissed.*

Harvey J. Resh, of Waltham, for the Plaintiffs.
Maurice Bean, of Framingham, for the Defendant.