## Richmond

THE COMMERCIAL AND SAVINGS BANK OF WINCHESTER, VIRGINIA v.
STELLA MAHER.

SHENANDOAH VALLEY NATIONAL BANK OF WINCHESTER, VIRGINIA v.
STELLA MAHER.

November 28, 1960.

Record Nos. 5108, 5109.

Present, All the Justices.

The opinion states the case.

*Dabney W. Watts* and *Frank S. Tavenner, Jr.*, for plaintiff in error, Commercial and Savings Bank of Winchester, Virginia.

*Thomas V. Monahan* (*J. Sloan Kuykendall; Henry H. Whiting; Peter K. McKee; Kuykendall and Whiting*, on brief), for plaintiff in error, Shenandoah Valley National Bank of Winchester, Virginia.

*Edward McC. Williams* (*Clarence E. Martin, Jr.*, on brief), for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This litigation began as a suit in equity and ended as an action at law in which a judgment was rendered in favor of the plaintiff, Stella Maher, against the two banks, now the appellants, in the sum of $6,000. On separate petitions of the banks we granted to them writs of error. The Commercial and Savings Bank of Winchester

will be referred to herein as Commercial, and Shenandoah Valley National Bank of Winchester as Shenandoah.

On January 26, 1957, the plaintiff filed her bill in equity alleging that there was of record an instrument purporting to be a deed of trust securing payment of a bearer bond of the plaintiff for $6,000, and that she was informed that a bond answering the description given in the deed of trust was held by one Perry, and for which her property was being advertised for sale under the deed of trust; that other bonds answering the same description were also held, one each, by Shenandoah, Crider, Cooper and Taylor; and that the deed of trust and bonds were forgeries. She prayed that the trustee be enjoined from making the sale; that the deed of trust be set aside as a cloud on her title and that the bonds be held of no effect. The trustee and the named bond holders were made defendants and a temporary injunction was granted.

In its answer to the bill Shenandoah asserted that the bond held by it and the deed of trust securing its payment were delivered to it by Solenberger, who represented himself to be the agent of the plaintiff, and that in return it delivered to Solenberger its check for $6,000 payable to the plaintiff, which check it thereafter honored when presented for collection. It prayed that the bond and deed of trust be held valid.

On December 16, 1957, plaintiff filed an amended bill making Commercial a party defendant and alleging that the $6,000 check referred to by Shenandoah bore the restrictive endorsement "Deposit to credit of Stella Maher", and was accepted for deposit by Commercial but its proceeds were negligently and improperly used for purposes other than as directed by said endorsement; and that when the check was presented to Shenandoah for payment, bearing a further subsequent endorsement by rubber stamp "For Deposit Only Shawnee Building and Loan Association, Inc.", the same was negligently and improperly paid by Shenandoah; and she prayed, in addition to the prayer of the original bill, that judgment be entered against Commercial and Shenandoah jointly and severally for the $6,000.

In its answer to this amended bill Shenandoah denied that it had improperly paid said check and averred that in addition to the endorsements on the check alleged by the plaintiff, there was also thereon the unrestricted endorsement of Commercial, and that under these circumstances there was no duty on Shenandoah to look to the proper application of the funds by the prior endorsers; and that

plaintiff had in fact ratified the transaction for which the check was issued.

Commercial demurred to the amended bill on the ground that it did not assert any claim against it; that it was multifarious and the plaintiff had a fully adequate and complete remedy at law against it. This demurrer was sustained on the first ground and overruled as to the other grounds, but the plaintiff was granted leave to file an amended bill.

Accordingly on January 17, 1958, plaintiff filed her second amended bill in which she alleged that the $6,000 check bearing the restrictive endorsement "Deposit to credit of Stella Maher" was accepted for deposit by Commercial, which negligently and improperly failed so to deposit it, but deposited it to the credit of Shawnee Building and Loan Association, Inc.; that subsequent to the restrictive endorsement and the Shawnee endorsement, Commercial also endorsed the check as follows: "Pay to the order of Any Bank or Trust Company. All Prior Endorsements Guaranteed March 4, 1955. The Commercial and Savings Bank, Winchester Virginia." Thereafter, plaintiff alleged, the check was presented for payment to Shenandoah, which negligently and improperly paid the same with notice that plaintiff had not been credited with the proceeds, but same had, without authority, been credited to Shawnee.

Commercial demurred to this second amended bill on the grounds that it was multifarious and that plaintiff had an adequate remedy at law which she should pursue against it. Its demurrer was sustained by decree of January 27, 1958, and plaintiff was granted leave to amend within ten days. Shenandoah answered and denied that it was negligent and repeated that the plaintiff had ratified the transaction for which the check was issued. By the decree filing this answer, Shenandoah was refused permission to file a cross-bill against Commercial.

The cause came on to be further heard on October 28, 1958, at which time plaintiff conceded that she could not prove forgery of the deed of trust and bond held by Shenandoah, but stated she would rely upon the restrictive endorsement of the $6,000 check and upon proof of forgery of the endorsement of Stella Maher upon the check. It was accordingly held that the deed of trust and said bond were valid.

The court then received the check in evidence along with certain depositions and exhibits, whereupon Shenandoah conceded that the endorsements upon the check were not in the handwriting of Stella

Maher, and the court so held; but further held that the other four bonds held by individuals as above noted were forgeries and not binding on Stella Maher. The temporary injunction previously granted restraining the sale advertised under one of the forged bonds was made permanent.

However, the court being of opinion that the pleadings did not charge forgery and that evidence of forgery was hence not admissible, on motion leave was granted plaintiff to amend her bill. And it being made to appear to the court, so the decree states, that Commercial was the depository of the check prior to its payment by Shenandoah, and by its endorsement had guaranteed all prior endorsements, it was accordingly made a party defendant with leave to file its answer within twenty-one days after receiving a copy of the amended bill.

Pursuant thereto the plaintiff filed her supplemental and third amended bill, making Commercial a party and alleging that Shenandoah issued the check for $6,000 to plaintiff in payment for and upon delivery to it by Solenberger of the bond secured by the deed of trust; that Solenberger forged the endorsement on the check "Deposit to credit of Stella Maher"; that the check was deposited in Commercial to the credit of Shawnee Building and Loan Association, Inc.; that Commercial negligently disregarded the restrictive and forged endorsement and negotiated the check to Shenandoah, and that Shenandoah negligently paid the same in disregard of the restrictive endorsement and of the forged endorsement, by reason of which she sustained a loss of $6,000, and she prayed for judgment therefor against both banks or against the one found by the court to be ultimately responsible.

Commercial filed a plea in bar to this bill on the ground that the court had previously sustained its demurrer to the second amended bill and plaintiff did not thereafter file a bill within the time allowed. It also filed a demurrer alleging the same ground as in the plea, and the further grounds that the bill was multifarious, did not seek equitable relief against it, and that there was a fully adequate and complete remedy at law which the plaintiff could pursue. Shenandoah also filed a demurrer on the three grounds last stated.

By decree of January 26, 1959, the court overruled Commercial's plea in bar and overruled both demurrers on all grounds save the ground that the plaintiff had a complete remedy at law. It sustained the demurrers on the latter ground, and on plaintiff's motion trans-

ferred the case to the law side of the court, with leave to the two defendants to file such pleadings as they desired.

Thereafter on the law side both defendants filed demurrers to the complaint, each on the ground that the complaint failed to state a cause of action against it and was multifarious. Also, each defendant filed its grounds of defense to the action. Each denied negligence and liability, and denied that Solenberger forged the endorsement "Deposit to credit of Stella Maher". Only Commercial alleged that plaintiff had knowledge that Solenberger was an officer and manager of Shawnee Building and Loan Association, and that Solenberger was the agent of plaintiff in handling the check and that she accepted and ratified his acts. Each defendant also filed a plea of contributory negligence.

A pretrial conference was held on March 23, 1959, at which Commercial requested and was given leave to file a plea of the statute of limitations against the plaintiff. After a hearing the court struck out that plea. The demurrers of the two banks "to the motion for judgment" were overruled. A plea of the statute of limitations filed by Commercial to the cross-claim of Shenandoah was also stricken and its demurrer to the cross-claim was overruled; but leave was granted Commercial to delay filing its grounds of defense until the disposition of plaintiff's motion for judgment against the two banks. The court held that the issue to be tried between the plaintiffs and the banks was whether the endorsement on the check "Deposit to credit of Stella Maher" was a forgery and that the decision of that issue would be *res judicata* as to the banks.

The trial of the plaintiff's action against the banks was held on May 12, 1959. By the order of June 4, 1959, now appealed from, it is shown that the plaintiff and the defendants waived trial of the issue by jury and elected and requested that all matters of law and fact be submitted to the court for hearing and determination and the court, "having fully heard the evidence and arguments of Counsel," found that the endorsement "Deposit to credit of Stella Maher" was a forgery, was not authorized by the plaintiff or ratified by her; that the conduct of the plaintiff through the course of the transaction did not constitute an estoppel on her part and she was not guilty of contributory negligence. The court accordingly found for the plaintiff against the two banks in the sum of $6,000 with interest from February 26, 1955. Commercial was given ten days to file its grounds of defense or other pleadings to the cross-claim of Shenandoah.

Both banks jointly assigned error to the action of the court (1) in

overruling their demurrers to the supplemental and third amended bill of the plaintiff "herein treated as the Motion for Judgment"; (2) in ruling that the endorsement on the check "Deposit to credit of Stella Maher" was susceptible of being a forgery and was a forgery. Commercial made the additional assignment that the court erred in overruling its plea in bar. An assignment that the judgment was contrary to the evidence was abandoned.

Commercial's plea in bar, on the ground that the court had previously sustained its demurrer to the second amended bill and that plaintiff had not filed an amended bill within the time allowed, was properly overruled. The time allowed for filing pleadings may be extended by the court in its discretion, even though the time fixed has already expired. Rule of Court 2:23. The sustaining of its demurrers to the first and second amended bills involved no decision on the merits of the issue presented by the third amended bill.

The demurrers by both banks to the supplemental and third amended bill were, as stated, on the grounds that it was multifarious, did not ask any equitable relief, and plaintiff had an adequate remedy at law. The court overruled the demurrers as to the first and second grounds and sustained them as to the third ground and transferred the case to the law side, there to be treated as a motion for judgment. At the hearing on October 28, above referred to, it was shown that the equitable relief originally prayed for by the plaintiff had been established to the extent that four of the bonds purporting to be secured by the deed of trust were forgeries and that the temporary injunction restraining the sale advertised under one of them should be, and was, made permanent. But it also appeared that the check which had figured in the transaction resulting in the valid bond held by Shenandoah, and which had been referred to in its answer to the original bill, bore an endorsement now alleged to be a forgery and other endorsements which raised questions of liability of the banks to the plaintiff and of the banks as between themselves. The court then allowed the plaintiff to bring in an amended bill to set forth these issues and to implead the parties affected thereby.

When this amended bill was filed it appeared that the issues raised by it were cognizable at law instead of in equity. Because it stated no cause of action except one at law, it was not multifarious and no injustice was done in rejecting that objection to it. 7 Mich. Jur., Equity, § 55, p. 87; *Buchanan* v. *Buchanan*, 174 Va. 255, 6. S. E. 2d 612.

When considered as a motion for judgment, this amended bill

adequately stated a cause of action against the banks, Rule 3:18, and gave the banks ample opportunity to make any and every defense desired, which they obviously did; and the court deferred any action on the issues between the banks until the issue between the plaintiff and the banks had been decided.

No specific assignment of error was made to this transfer. The action of the court was obedient to the letter and in accord with the spirit of § 8-138 of the Code, which provides that no case shall be dismissed simply because it was brought on the wrong side of the court, but in such event "the court shall direct a transfer to the proper forum". *Cf. C. & O. Ry. Co.* v. *Douthat*, 176 Va. 244, 10 S. E. 2d 881. The transfer was not forbidden by *Washington Golf & Country Club, Inc.* v. *Briggs*, 198 Va. 586, 95 S. E. 2d 233. Transfer in that case was not available because the suit was brought and decided on the proper side of the court. Here the third amended bill alleged no grounds of equity jurisdiction, but a matter appropriate for decision only on the law side. To have dismissed the amended bill and required plaintiff to file a new motion for judgment on the law side, stating the same case and evoking the same defenses, would have been disobedient to the statute and merely sacrificed substance to form.

On the trial of the forgery issue, in which all parties elected and requested that all matters of law and fact be submitted to the court instead of a jury, the court held, after "having fully heard the evidence and arguments of Counsel" that the endorsement "Deposit to credit of Stella Maher" was not authorized by her, not ratified by her and was a forgery. There is no evidence before us to the contrary. The evidence so heard was not made a part of the record. We do not know what facts and circumstances were proved by it. Error is not presumed. The presumption is that the judgment of the trial court was right and founded on sufficient evidence. 1 Mich. Jur., Appeal and Error, § 258, p. 675.

The banks contend that the endorsement was as a matter of law not of such nature as to be susceptible of forgery. This on the ground that the endorsement made by Solenberger on the back of the check did not purport to have been made by Stella Maher, but was made with apparent authority. They rely on *Greathouse* v. *United States*, (4 Cir.), 170 F. 2d 512, to the effect that a false assertion of authority to write another's name, or to sign his name as agent, is not forgery.

That case was a criminal prosecution and its holding is not apposite

here. Similarly we held in *Lawson* v. *Commonwealth*, 201 Va. 663, 112 S. E. 2d 899, a criminal prosecution for forgery, that the defendant was not guilty of forgery because the evidence for the Commonwealth was not sufficient to prove that the defendant was without authority from the payee to sign her name. The present case involves the question of the liability of the banks to the plaintiff under the endorsement on the check. That endorsement was in effect the same as if it read "Deposit to my credit. Stella Maher". *Haskell* v. *Avery*, 181 Mass. 106, 63 N. E. 15.

On the question here, § 6-375 of the Code provides:

"When a signature is forged or made without the authority of the person whose signature it purports to be it is wholly inoperative, and no right to retain the instrument or to give a discharge therefor or to enforce payment thereof against any party thereto can be acquired through or under such signature unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority."

It is to be remembered that the trial court found on the evidence before it that the endorsement was not authorized by the plaintiff; *i.e.*, it was made without her authority, and that the plaintiff was not precluded from setting up the forgery or want of authority. Consequently, says the statute, the purported signature of the plaintiff was "wholly inoperative". As said in *Bigelow on Bills, Notes and Checks* (3d ed. Lile), § 517, p. 408:

"It should be observed that the unauthorized signature of the defendant, though not made with felonious intent, and therefore not a criminal forgery—as in the case of an agent, though acting in good faith, unwittingly exceeding his ostensible powers—is an absolute defense."

Additionally, as pointed out, there is no evidence before us showing, or tending to show, that the person who wrote the endorsement made any assertion of authority to do so or that any question of agency appeared. The finding of the trial court that the endorsement was a forgery means on the record here that it falsely purported to be the writing of the plaintiff and was made without authority.

There is no error in the judgment appealed from and it is accordingly affirmed, but without prejudice to the banks in the trial of the issue or issues between them as provided in the order appealed from, and the case is remanded to the corporation court for such trial.

*Affirmed and remanded.*