CIRCUIT COURT OF HENRICO COUNTY

Ralph M. Wilbur

   v.

John T. Ferguson et al.

December 2, 1983

Case No. 82-L-441

By JUDGE L. PAUL BYRNE

On December 3, 1982, the plaintiffs filed their Motion for Judgment. On December 27, 1982, the defendants filed a Demurrer stating that the Motion for Judgment was insufficient as a matter of law for two separate and distinct reasons. The first of these reasons was set out in paragraph 1 of the Demurrer and the second such reason was separately set out in paragraph 2 thereof.

After briefing by the parties, the Demurrer was brought on for oral argument before the Court on March 4, 1983. At the conclusion of the oral argument, the Court overruled the defendants' Demurrer with respect to the ground asserted in paragraph 1, but sustained the same for the reason advanced in paragraph 2. The Court's Order entered March 11, 1983, sustains "paragraph two of Defendants' Demurrer" and directs that "the plaintiff shall file his Amended Motion for Judgment on or before March 25, 1983."

On April 22, 1983, the plaintiff lodged with the Court a Motion for extension of time to file his Amended Motion for Judgment together with such Amended Motion, sketch for an Order extending the time for such filing to April 25, 1983, and a Notice of his

intention to move the Court on May 13, 1983, for entry of the sketch Order.

On April 27, 1983, the defendants filed a memorandum in opposition to the plaintiff's motion for extension, with attached affidavit made by Keith D. Boyette, Esquire. On May 11, 1983, plaintiff filed his reply memorandum, with attached affidavits made by John F. Deal, Esquire, and Richard C. Fleming, Esquire.

Oral argument was heard by the Court with respect to the plaintiff's motion for time extension on May 13, 1983.

Simply stated, the position of the defendants is that the Court is without power to grant the plaintiff's motion. They argue that when the plaintiff failed by March 25, 1983, to file his Amended Motion for Judgment, the Court's Order of March 11, 1983, became a final order of judgment. As such, contend the defendants, the same was subject to modification, vacation or suspension for twenty-one days after date of entry and no longer. See Rule 1:1, Rules of the Supreme Court of Virginia.

The plaintiff's position, on the other hand, is that the Court's Order of March 11, 1983, did not so become a final order, that the Court has discretion to extend the time for filing of the plaintiff's Amended Motion for Judgment, and that such discretion should be exercised in favor of the late filing sought.

In support of their position, defendants rely upon the cases of Bibber v. McCreary, 194 Va. 394 (1952); Griffen v. Griffen, 183 Va. 443 (1945); and Gimbert v. Norfolk Southern Railroad Company, 152 Va. 684 (1929). The Court has considered these authorities, but is of the view that they do not sustain the position of the defendants. Both Griffen and Gimbert involved factual situations quite different from that which obtains here. In Bibber, the trial court sustained a demurrer with no leave to amend being requested or granted. Nearly two months later, the plaintiff moved for leave to amend his Motion for

Judgment. The trial court denied the motion, holding that its order sustaining the defendants' demurrer had become a final order. On appeal, this was reversed. In its opinion the Supreme Court had this to say:

> The dominant question presented is whether the order entered on March 29, 1951, sustaining the demurrer, is final. The trial court held that it was and that it was without jurisdiction to entertain the motion to amend, because it was not made within twenty-one days after March 29, 1951.

> This Court has consistently held that an order merely sustaining or overruling a demurrer to a declaration or motion for judgment is not final. An order sustaining such a demurrer, in order to be final . . . must go further and dismiss the case. . . .

> There is nothing in this record to indicate that the instant case has been dismissed from the docket; hence it is still pending. The trial court erroneously held that the order sustaining the demurrer was final, and that it was without jurisdiction to entertain the motion for leave to amend.

Further, the Court believes that the cases of The Commercial and Savings Bank of Winchester v. Maher, 202 Va. 286 (1960), and Daniels v. Truck and Equipment Corporation, 205 Va. 579 (1964), substantially militate against the view that this Court is now without jurisdiction to entertain the plaintiff's motion. Rule 1:9, Rules of the Supreme Court of Virginia, provide that the "time allowed for filing pleadings may be extended by the Court in its discretion even though the time fixed has already expired." (Emphasis added) It is the view of the Court that this rule leaves to the sound judicial discretion of the Court the ultimate issue of whether or not to allow late filing of the plaintiff's Amended Motion for Judgment. The Court is persuaded that no prejudice will accrue to the defendants as a

result thereof, and concludes that the plaintiff's motion for time extension should be granted.

An Order will be entered directing the Clerk to file the Amended Motion for Judgment.