## CIRCUIT COURT OF THE CITY OF RICHMOND

Joan Chandler

 v.

Signet Bank/Virginia

   Case No. LR 176-2

Kasmin El

 v.

Omni Richmond Corp.
and Will Armstrong

   Case No. LR 1642

Lorraine Evans

 v.

Mark Lavery

   Case No. LR 3927

   August 20, 1990

By JUDGE ROBERT L. HARRIS, SR.

  The three cases referenced above all came before the court on March 2, 1990, on defendants' motions to

dismiss. The court took the cases under advisement and now issues this consolidated opinion because all three cases present the same issue in somewhat similar procedural postures. The cases call upon the court to decide when an action is "submitted to the court for decision" such that a plaintiff is prohibited from taking a nonsuit under Section 8.01-380. The court will first set out the particular procedural facts of each case, then discuss the law applicable to all of the cases.

### Facts of Each Case

### I. *Chandler v. Signet Bank*

By order entered on January 3, 1990, after a hearing on November 9, 1989, the court sustained defendant's demurrer to the plaintiff's original motion for judgment but allowed the plaintiff leave to amend her motion for judgment within thirty days of the entry of the order. The plaintiff did not file an amended motion for judgment or a motion to extend time within the thirty-day period. Instead, the plaintiff submitted an order of voluntary nonsuit which was entered on February 16, 1990, two weeks after the thirty-day period had expired. The defendant's counsel received a copy of the order on February 21, 1990, and on February 27, 1990, filed a motion to vacate the nonsuit order and dismiss the case with prejudice. The plaintiff then moved for an extension of time in which to file an amended pleading if the court granted the defendant's motion to vacate the nonsuit order.

### II. *El v. Omni*

By order entered on January 2, 1990, memorializing rulings made at a hearing on December 5, 1989, the court sustained the demurrers of both defendants and allowed the plaintiff to file an amended motion for judgment on or before January 2, 1990.[1] The plaintiff failed to file

---

[1] The order also recited that the plaintiff's case was dismissed. In view of the language allowing leave to file an amended pleading, the language dismissing the case has no significance. The court could not have, at the same time,

an amended motion for judgment, and the defendants moved to dismiss. At the March 2, 1990, hearing on the defendants' motion to dismiss, the plaintiff's counsel orally moved to nonsuit the action. The court took both motions under advisement.

## III. *Evans v. Lavery*

On July 6, 1988, the plaintiff filed a suit against the defendant under case number LM 2145-2. On August 8, 1988, the defendant propounded interrogatories to the plaintiff, to which plaintiff never responded. The court, on April 24, 1989, ordered the plaintiff to answer interrogatories by May 15, 1989. At a hearing on May 26, 1989, the court extended the time to answer until June 5, 1989; the order memorializing that ruling was entered on June 5, 1989. The court stated at the May 26, 1989, hearing that if the answers were not delivered by the deadline, the court would dismiss the plaintiff's case. The plaintiff still did not respond. On October 25, 1989, the plaintiff filed a motion for nonsuit, a copy of which was sent to the defendant's attorney. Defendant's attorney objected to the motion for nonsuit, and on November 1, 1989, noticed a hearing set for December 4, 1989, on his objection. On November 1, 1989, an order nonsuiting the case was entered by one of the other judges of this court. At the hearing on December 4, 1989, the court informed defendant's counsel that the case had been nonsuited on November 1, 1989, whereupon defendant's counsel withdrew his objection to the nonsuit. On December 5, 1989, the plaintiff filed the present suit. On December 27, 1989, the defendant filed a motion to dismiss. The defendant requests the court to vacate the November 1, 1989, nonsuit order, dismiss the original case with prejudice, and dismiss the present case with prejudice.

---

dismissed the case and allowed leave to amend. The court simply intended to sustain the demurrer with leave to amend.

*The Law Applicable to All Three Cases*

In two of the cases, *Chandler v. Signet Bank* and *Evans v. Lavery*, the court faces the threshold issue whether it has the authority to disturb a nonsuit order more than twenty-one days after it was entered. *See* Rule 1:1, Rules of the Virginia Supreme Court (1990). An order of nonsuit is final for purposes of appeal, and presumably, for purposes of Rule 1:1 where the parties dispute the propriety of the trial court's action in granting the nonsuit. *Wells v. Lorcom House Condominiums' Council*, 237 Va. 247, 377 S.E.2d 381 (1989). The parties in *Chandler v. Signet* did not argue the issue of finality because at the time of the hearing on March 2, 1990, the twenty-one day period had not yet expired. The plaintiff in *Evans v. Lavery* argues that Rule 1:1 prohibits the court from considering the defendant's motion to vacate. The defendant presents two arguments in an effort to avoid the finality provision. First, he argues that the court can vacate the nonsuit order as a clerical error pursuant to § 8.01-428(A), Va. Code Ann. (1984). The court agrees with the plaintiffs that no clerical error is involved in this case. However, defendant Lavery also argues that, if the court rules that the plaintiff's case was "submitted to the court for decision" on a motion to dismiss before the plaintiff nonsuited, the nonsuit order is void. Assuming, without deciding, that such a contention may have merit, the court will decide the cases based on the issue of whether the nonsuits were taken in a timely manner under § 8.01-380. Because this court holds that the nonsuits in all three cases were taken before the cases were "submitted to the courts for decision," the court need not consider the issue of whether nonsuit orders may be vacated more than twenty-one days after entry.

A party may dismiss its action by nonsuit as long as "he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or *before the action has been submitted to the court for decision*." Va. Code Ann. § 8.01-380 (1984) (emphasis added). One nonsuit may be taken to a cause of action as a matter of right. *Id.* In the three instant cases, the plaintiffs have either taken or are moving the court to allow their first nonsuit as a matter of right. The

only limitation on that right in these cases is the quoted passage from Code § 8.01-380(A); the defendants in each of these cases contend that, at the time that the plaintiff moved to nonsuit, the case had already been submitted to the court for decision.

The Virginia Supreme Court recently addressed the present issue in three opinions, all issued on March 3, 1989. In *Khanna v. Dominion Bank*, 237 Va. 242, 377 S.E.2d 378 (1989), the court held that the defendants' motion for nonsuit on their counterclaim came too late where the trial court had already decided and announced its decision to grant summary judgment for the plaintiff. In a second case, the court ruled that the nonsuit was improperly granted where : (1) the trial court had heard argument on the defendant's demurrer to the amended motion for judgment, defendant's plea in bar, and defendant's motion to dismiss; (2) the court had taken the foregoing issues under advisement; (3) any one of the pleadings was dispositive if the court ruled in the defendants' favor; and (4) no further action was necessary in order to enable the court to decide the issues. *Wells v. Lorcom House Condominiums' Council*, 237 Va. 247, 252, 377 S.E.2d 381, 384 (1989). In such circumstances, the court held that the case had been submitted to the court for decision before the motion for nonsuit. *Id.*

In the third case, the court held that the action had not been submitted to the court for decision at the time that the plaintiff moved for nonsuit. *City of Hopewell v. Cogar*, 237 Va. 264, 377 S.E.2d 385 (1989). In *Cogar* the trial court took under advisement the defendants' motion for summary judgment, allowing the parties fifteen days to submit simultaneous memoranda in support of their respective positions. *Id.* at 266, 377 S.E.2d at 387. Thirteen days after oral argument, the plaintiff moved for nonsuit, which the court denied. *Id.* The Supreme Court reversed, holding that, where the court had "given" counsel fifteen days after oral argument to file briefs, the case was not submitted to the court until the fifteen day period expired. *Id.* at 267, 377 S.E.2d at 387.

Each of the defendants here argue that, based on the foregoing cases, the plaintiff's nonsuit came after the case had been submitted to the court. However, the

posture of the present cases are all distinct from the cases decided by the Supreme Court.

The first two cases, *Chandler v. Signet Bank* and *El v. Omni*, are in similar positions. In both of these cases, the court has already decided a potentially case dispositive issue -- a demurrer to the plaintiff's motion for judgment -- in a manner that did not dispose of the case. In each case, the demurrers were sustained with leave to amend. The cases had previously been submitted to the court for decision when the demurrers were argued and decided, but the court decided the issue in such a manner that the plaintiff's claims remained pending.

The Supreme Court has held that an order sustaining a demurrer is not a final order unless it dismisses the case. *Bibber v. McCreary*, 194 Va. 394, 73 S.E.2d 382 (1952). In *Bibber*, the court reversed a trial court's determination that it was without jurisdiction to allow leave to amend more than twenty-one days after entry of the order sustaining the demurrer. *Id.* There was no mention of leave to amend in the order sustaining the demurrer. *Id.* The Supreme Court held that the case, which had not been dismissed, was still pending on the docket. *Id.* at 397, 73 S.E.2d at 384. The case was remanded so that the trial court could entertain the plaintiff's motion for leave to amend. *Id.*

The *Bibber* case is controlling here. After an order sustaining a demurrer without mention of leave to amend, a case remains pending until it is dismissed. *A fortiori*, after an order sustaining a demurrer *with* leave to amend, the case remains pending until the court dismisses it.[2]

The court is not convinced by the defendant's arguments based on the recent Supreme Court cases cited above. The defendants compare the period allowed for amendment here to the period allowed for filing briefs in the *Cogar* case. The situations are not analogous. When the fifteen-day period expired in *Cogar*, the case would be deemed "submitted to the court for decision" on a dispositive issue. After the expiration of thirty days here, the case remained pending, but there was no dispositive motion before the

---

[2] As the court has already noted, dismissal language in the order sustaining the demurrer in El v. Omni is nullified by language allowing leave to amend.

court. The litigants were required to do something to move the case along: the defendant by filing a motion to dismiss, or the plaintiff by filing a motion to extend time.

The court has given consideration to a second contention that seems to be implicit in the arguments of the defendants. The defendants, without citing any authority, imply that the orders allowing leave to amend are self-executing; that is, after the expiration of the period allowed, the plaintiff's case automatically ends without further order. There is dicta in *Bibber v. McCreary*, a case that none of the defendants cited, that supports such a conclusion. In *Bibber*, the court noted:

> The trial court, in the exercise of its discretion, may permit a litigant to amend his motion for judgment and impose such terms and conditions as may be reasonable and proper, and if the litigant fails to comply with the conditions within the time specified, he is barred from further prosecution of the same cause, against the same parties.

*Bibber* at 397, 73 S.E.2d at 384. The above-quoted passage is dicta because the case did not involve a failure to amend within a period allowed by the trial court. Second, the language is directly contradicted by the holding in a later case, *Commercial Savings Bank v. Maher*, 202 Va. 286, 117 S.E.2d 120 (1960). In *Maher* the court held that the time allowed for filing pleadings could be extended, even after the expiration of the time allowed, where a demurrer was sustained with leave to amend within ten days. *Id. See also Wilbur v. Ferguson*, 2 Va. Cir. 178 (1983); Rule 1:9, Rules of the Supreme Court of Virginia (1990) (providing that the time allowed for filing pleadings may be extended by the court even after the time has expired).

If the case is still pending for the purpose of allowing the plaintiff to file amended pleadings, it is the opinion of this court that the case is pending for the purpose of a motion to nonsuit. The plaintiff's absolute right to nonsuit is not cut off until the case is submitted to the court for decision on the defendant's motion to

dismiss. In *El v. Omni*, the plaintiff moved to nonsuit at the hearing on defendant's motion to dismiss. Under the recent rulings of the Supreme Court, the case had not yet been submitted to the court at that time. Thus, plaintiff's nonsuit is timely and will be granted.[3] In *Chandler v. Signet Bank*, the plaintiff nonsuited before the motion to dismiss was even filed. Clearly, the nonsuit order in that case was proper and may not now be disturbed by this court.

The third case, *Evans v. Lavery*, presents the same arguments in a somewhat distinct procedural posture. In *Evans*, the defendant argues that the plaintiff's case was submitted to the court for decision -- on the defendant's motion to dismiss for failure to comply with a court order compelling discovery responses -- when the deadline for such responses passed. For the reasons stated above in relation to *Chandler v. Signet* and *El v. Omni*, the court rejects such a contention. Briefly, the court holds that the period in which the plaintiff was allowed to answer interrogatories in *Evans* is not analogous to the period for the submission of briefs in *Cogar*. Further, the order allowing an extension of time to answer was not self-executing to effect a dismissal. In fact, the order did not even mention dismissal but merely extended the time to answer. The court orally informed counsel that the case *would be* dismissed if the plaintiff failed to answer. The defendant's counsel recognized this when he later sent a sketch order to plaintiff's counsel dismissing the case. However, until the case was submitted to the court on the motion to dismiss, as that phrase is interpreted by the Supreme Court, the plaintiff had the right to nonsuit. It is this court's opinion that defendant's motion had not been submitted to the court at the time that the nonsuit order was entered.

---

[3] The defendants in this case have argued several additional bases for dismissing the plaintiff's case or sustaining a demurrer or special plea. However, no motions or pleas based on such contentions were pending before the court at the time that the plaintiff moved to nonsuit. Therefore, the court will not consider such contentions.

## *Conclusions*

In *Chandler v. Signet Bank*, LR 176, the defendant's motion to vacate the nonsuit order previously entered therein is denied. In view of this rulings, the court need not address the plaintiff's motion to extend time.

In *El v. Omni*, LR 1642, the defendant's motion to dismiss with prejudice is denied. The plaintiff's motion for nonsuit is granted, and plaintiff's case is dismissed without prejudice.

In *Evans v. Lavery*, LR 3927, the defendant's motion to dismiss is denied. Further, the defendant's motion to reopen case number LM 2145-2 and dismiss it with prejudice is denied.